CC-97-225                                    1

En el Tribunal Supremo de Puerto Rico

| MARIANA ARRIAGA RIVERA      Demandante-Recurrente      .V  FONDO DEL SEGURO DEL ESTADO      Demandado-Recurrido | Certiorari  TSPR-98-27 |
|---|---|

Número del Caso: CC-97-612

Abogados Parte Demandante: Recurrente: Lcdo. Osvaldo Pérez Marrero

Abogados Parte Demandada: Recurrida: Lcdo. José M. Fernández Luis

Abogados Parte Interventora:

Tribunal de Instancia: Superior San Juan

Juez del Tribunal de Primera Instancia: Hon. Oscar Dávila Suliveres

Tribunal de circuito de Apelaciones: San Juan

Juez Ponente: Hon. López Vilanova

Fecha: 3/18/1998

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


MARIANA ARRIAGA RIVERA

    Demandante-Recurrente


      vs.                                CC-97-612        CERTIORARI


FONDO DEL SEGURO DEL ESTADO

    Demandado-Recurrido


Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI

       San Juan, Puerto Rico, a 18 de marzo de 1998.


      Tenemos ante nos la ocasión para precisar cuál es el alcance del requisito procesal, fijado en el Reglamento del Tribunal de Circuito de Apelaciones, que exige el cumplimiento estricto de la obligación de un peticionario de notificar su recurso de certiorari al tribunal recurrido.


I

      La peticionaria, Mariana Arriaga Rivera, fue admitida en el Hospital Industrial, de la Corporación del Fondo del Seguro del Estado (en adelante F.S.E.), para recibir tratamiento médico, que incluía una operación quirúrgica. Cuatro días después de dicha

operación, el 5 de abril de 1993, la peticionaria tomó los medicamentos que se la habían prescrito para dormir, pero el personal del hospital no tomó la precaución de fijar barandas protectoras a su cama, por lo que la peticionaria se cayó de ésta mientras dormía. Tal caída ocasionó que se lesionara los discos vertebrales recién operados. Posteriormente, la peticionaria continuó recibiendo tratamiento médico hasta el 18 de enero de 1996, cuando se le notificó la decisión del Administrador del Fondo, otorgándole incapacidad total permanente por su lesión.

Mientras recibía el tratamiento aludido, el 28 de marzo de 1994, la peticionaria envió una carta certificada con acuse de recibo al Administrador del Hospital Industrial. En dicha carta la peticionaria hizo una reclamación extrajudicial detallada respecto a su caída, a los fines de interrumpir el término prescriptivo de la acción civil por los daños resultantes de dicha caída, ocasionados por la negligencia del personal del hospital. El administrador del hospital, sin embargo, no recibió esa carta hasta el 6 de abril de 1994. El 19 de septiembre de 1994, la peticionaria presentó una demanda contra el F.S.E. por el incidente aludido.

Dos años más tarde, luego de que ocurriesen varios incidentes procesales, el F.S.E. presentó en el foro judicial una moción de desestimación, en la que alegaba que la causa de acción de la peticionaria estaba prescrita. El Tribunal de Primera Instancia adjudicó dicha moción y determinó que la carta enviada por la peticionaria al Administrador del Hospital Industrial el 28 de marzo de 1994 había interrumpido el término para incoar la acción en cuestión. También indicó el foro de instancia, que dicho hospital era una dependencia del F.S.E., por lo que al enviar la carta a nombre del administrador del hospital, constituía una reclamación extrajudicial al F.S.E.

Inconforme con tal determinación, el F.S.E. recurrió mediante el recurso de certiorari ante el Tribunal de Circuito de Apelaciones. Este revocó el dictamen del foro de instancia. Determinó que no se había interrumpido el término prescriptivo, debido a que la carta fue recibida

el 6 de abril de 1994, un día después de extinguirse dicho término. Además, señaló que la carta en cuestión estaba dirigida a un tercero, al Administrador del Hospital Industrial, no al F.S.E., por lo que la reclamación extrajudicial hecha mediante dicha carta no gozaba de capacidad interruptiva, por no estar dirigida a quien fuera demandado.

No conforme con la determinación del foro apelativo, la peticionaria acudió ante nos oportunamente, mediante el recurso de certiorari, e hizo el siguiente señalamiento de errores:

Primer Error:       Erró el Honorable Tribunal de Circuito de Apelaciones al aplicar el derecho a los hechos de este caso, pues no siguió la ley del FSE; los criterios establecidos sobre la interpretación de reclamaciones de obreros cubiertos por la ley del FSE; ni los criterios establecidos sobre la prescripción.

Segundo Error:      Erró el Honorable Tribunal de Circuito de Apelaciones al ejercer su jurisdicción sobre un CERTIORARI que no fue formalizado a tenor con su reglamento; en la alternativa, abuso de su discreción, al aceptar una ausencia de excusa como justi- ficación para subsanar el incumplimiento con un requisito de estricto cumplimiento.

Tercer Error:       Erró el Honorable Tribunal de Circuito de Apelaciones, al resolver que la norma de notificación que se utiliza en las Reglas de Procedi- miento Civil no es de aplicación a una reclamación extrajudicial y que cuando la carta llega a su destino, la interrupción no surte efecto desde que se envió la misma.

Cuarto Error:       Erró el Honorable Tribunal de Circuito de Apelaciones al determi- nar contrario a la prueba que el Hospital Industrial es un tercero que nunca fue demandado en este caso.

Posteriormente, el 2 de diciembre de 1997, el F.S.E. compareció ante nos mediante un escrito titulado "Alegato de la Parte Recurrida", en el cual arguyó en contra del señalamiento de errores de la peticionaria y a favor de que se confirmara la sentencia del foro apelativo. Con el beneficio de los escritos de ambas partes, pues, pasamos a resolver, conforme lo dispuesto en la Regla 50 de nuestro Reglamento.

II

La peticionaria ha planteado ante nos dos importantes controversias sobre el asunto de la prescripción. Una tiene que ver con la cuestión de cuándo comienza a correr el término prescriptivo para que un obrero pueda incoar una acción de daños y perjuicios contra el propio F.S.E. en un caso como el de autos. La otra tiene que ver con la cuestión de cuándo surte efectos una reclamación extrajudicial, para interrumpir el término prescriptivo. No hemos de resolver estas controversias, sin embargo, porque existe un asunto previo, de naturaleza procesal, conforme al cual debe disponerse de la petición de certiorari ante nos. Se trata de la cuestión planteada en el segundo señalamiento de error de la peticionaria, referente a que el Tribunal de Circuito de Apelaciones no debió ejercer su jurisdicción para acoger un recurso de certiorari que no había sido debidamente perfeccionado. De ser correcto el señalamiento aludido, sería improcedente el dictamen del foro apelativo, independientemente de si tenía méritos o no el contenido substantivo de dicho dictamen. Como se sabe, las cuestiones relativas a la jurisdicción de un tribunal, por ser privilegiadas, deben resolverse con preferencia a cualesquiera otras. Autoridad Sobre Hogares v. Sagastivelza, 71 D.P.R. 436 (1950); López v. Pérez, 68 D.P.R. 312 (1948). Si el Tribunal de Circuito de Apelaciones no debió asumir jurisdicción para entender en el certiorari mediante el cual ese foro dictó la sentencia que se ha impugnado ante nos, lo que procede es que así lo declaremos, y que por ello desestimemos el recurso ante nos. Así lo hemos resuelto reiteradamente. Dalmau v. Quiñones, 78 D.P.R. 551 (1955). Ponce v. F. Badrena E Hijos, Inc., 74 D.P.R. 225, 249 (1952); Autoridad Sobre Hogares v. Sagastivelza, supra; López v. Pérez, supra. Pasemos, pues, a considerar el señalamiento de error aludido.


III

La Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones dispone lo siguiente:

Regla 33.  Presentación y notificación del recurso

A. Manera de presentarlo

Los escritos iniciales de certiorari que se sometan a la consideración del Tribunal de Circuito de Apelaciones, y sus copias, podrán presentarse en la Secretaría del Tribunal de Circuito de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión.  Una u otra forma de presentación tendrá todos los efectos de ley.

Cuando la solicitud de certiorari sea presentada en la Secretaría del Tribunal de Circuito de Apelaciones, la parte peticionaria deberá notificar a la Secretaría del tribunal recurrido, dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, copia de la misma debidamente sellada con la fecha y la hora de presentación.  El término aquí dispuesto será de cumplimiento estricto.  Cuando la solicitud sea presentada en la Secretaría del tribunal recurrido, el(la) peticionario(a) deberá notificar a la Secretaría del Tribunal de Circuito de Apelaciones dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, las cuatro (4) copias que fueron debidamente selladas por la Secretaría del tribunal recurrido con la fecha y la hora de presentación.  El término aquí dispuesto será de cumplimiento estricto.  (Enfasis suplido).

En el caso de autos, el F.S.E. no cumplió con lo dispuesto en la citada Regla 33(A), como bien lo admitió el propio foro apelativo en su sentencia.  El F.S.E. presentó su recurso de certiorari ante el Tribunal de Circuito de Apelaciones el 24 de octubre de 1996, pero no notificó dicho recurso a la secretaría del tribunal recurrido.  Ello dio lugar a que el foro de instancia continuara con los procedimientos del caso, a pesar de que estaba pendiente ante el foro apelativo el recurso aludido del F.S.E.  En efecto, pocos días después de que el F.S.E. presentara su recurso de certiorari ante dicho foro, el 7 de noviembre de 1996, el tribunal de instancia celebró una conferencia con antelación al juicio.  Allí, el tribunal señaló una vista transaccional para el 24 de marzo de 1997, que tuvo que suspenderse llegada la fecha de ésta, cuando el

tribunal de instancia tuvo noticia por primera vez de que estaba interpuesto y pendiente el certiorari aludido ante el foro apelativo.

En vista del incumplimiento de la Regla 33(A) por el F.S.E., la peticionaria solicitó del Tribunal de Circuito de Apelaciones la desestimación del recurso de certiorari presentado por el F.S.E. El foro apelativo entonces le requirió al F.S.E. que acreditase la fecha, si alguna, en que había notificado al tribunal recurrido la presentación de certiorari en cuestión. En respuesta a este requerimiento del Tribunal de Circuito de Apelaciones, el F.S.E. **admitió** que no había cumplido con lo dispuesto en la Regla 33(A) aludida. Señaló, además, que:

> "...nuestro incumplimiento no se debió a falta de interés o menosprecio al proceso... ...el incumplimiento ha sido un evento aislado, el mismo ha sido involuntario, no ha habido lesión a las partes o a la dignidad del tribunal, existe un firme propósito de enmienda de parte de la Corporación del Fondo del Seguro del Estado..."

Sobre la base de la referida respuesta del F.S.E., el foro apelativo denegó la moción de desestimación de la peticionaria. Aunque el F.S.E. evidentemente <u>no ofreció una razón adecuada</u> que justificase su incumplimiento del requisito fijado por la Regla 33(A) en cuestión, el foro apelativo resolvió que dicho requisito debía ser interpretado de manera flexible, y que como éste era uno de cumplimiento estricto y no de carácter jurisdiccional, el Tribunal tenía la facultad de eximir de éste a la parte recurrente. El Tribunal de Circuito de Apelaciones no explicó en cuáles circunstancias procedía que se eximiera a una parte de cumplir con la Regla aludida, ni justificó de modo alguno por qué en este caso debía hacerse tal excepción con el F.S.E. Sencillamente, el foro apelativo resolvió que a pesar del incumplimiento por el F.S.E. con lo dispuesto en la Regla 33(A), tenía jurisdicción para entender en el recurso en cuestión, porque dicha Regla sólo establecía un requisito de cumplimiento estricto, no uno jurisdiccional. Con razón nos dice la peticionaria, que erró el Tribunal de Circuito de Apelaciones al resolver como lo hizo. Veamos.

IV

Reiteradamente hemos resuelto que las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal deben observarse rigurosamente. Cárdenas Maxan v. Rodríguez, 119 D.P.R. 642 (1987); In re: Reglamento del Tribunal Supremo, 116 D.P.R. 670 (1985); Mfrs. H. Leasing v. Carib. Tubular Corp., 115 D.P.R. 428 (1984); Matos v. Metropolitan Marble Corp., 104 D.P.R. 122 (1975). Esta conocida norma debe ser extensiva también al Reglamento del Tribunal de Circuito de Apelaciones. En el caso de nuestro propio Reglamento hemos señalado que "los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos", y que no puede quedar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo". Matos v. Metropolitan Marble Corp., supra, a la pág. 125. No existe razón alguna que justifique no aplicar esta norma, de evidente sentido jurídico, al cumplimiento del Reglamento del Tribunal de Circuito de Apelaciones. Es cierto que en el pasado reciente hemos señalado al foro apelativo que debe ser flexible en ciertas aplicaciones de su reglamento, pero ello ha sido en situaciones muy particulares, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia, Santos v. Mun. de Comerío[1]; o cuando el foro apelativo ha impuesto una severa sanción de desestimación, sin antes haber apercibido a la parte debidamente, López Rivera v. Rivera Díaz[2]. Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o al foro apelativo para soslayar injustificadamente el cumplimiento del Reglamento de ese foro, particularmente ahora que éste tiene casi dos años de vigencia y no es razonable ya excusar a los abogados por su desconocimiento.

En el caso de autos, se trata de un requisito expresamente calificado como de "cumplimiento estricto". Ya antes nos hemos expresado

---

[1] Op. Per Curiam del 9 de febrero de 1996, 140 D.P.R. ___, 96 JTS 13.
[2] Op. Per Curiam del 28 de junio de 1996, 141 D.P.R. ___, 96 JTS 102.

claramente sobre el significado de esta figura procesal. Hemos señalado que existe una "diferencia conceptual con efectos jurídicos distintos entre lo que es 'requisito de cumplimiento estricto' y 'requisito jurisdiccional'". Loperena Irizarry v. E.L.A., 106 D.P.R. 357 (1977). Hemos indicado que cuando se trata de un término de cumplimiento estricto, el foro judicial queda liberado del automatismo que conlleva el requisito jurisdiccional y puede "proveer justicia según lo ameriten las circunstancias". Id, a la pág. 360. Más concretamente, hemos resuelto que cuando un término es de cumplimiento estricto, su observancia tardía "es permisible de existir y demostrarse a cabalidad una justa causa" para no cumplir rigurosamente con el término en cuestión. (Enfasis suplido). González Santos v. Bourns P.R., Inc., 125 D.P.R. 48 (1989). También hemos resuelto que "no se permitirá desviación alguna del plazo,... so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad", Pueblo v. Fragoso, 109 D.P.R. 536 (1980); y que "no permitiremos presentaciones tardías de copia de ningún recurso en la secretaría del tribunal de apelación, a menos que la demora ocurrida se justifique detalladamente y a cabalidad". Morales v. Méndez Más, 109 D.P.R. 843 (1980).

Debe indicarse, además, que en fecha muy reciente, en un caso en el cual estaba en cuestión precisamente el alcance de un término de cumplimiento estricto, resolvimos que el Tribunal de Circuito de Apelaciones no goza de discreción para prorrogar tales términos automáticamente. Indicamos que el foro apelativo tiene discreción para extender un término de cumplimiento estricto "sólo cuando la parte que lo solicita demuestra justa causa para la tardanza. **En ausencia de tales circunstancias dicho tribunal carece de discreción para prorrogar el término y por ende acoger el recurso de certiorari ante su consideración**". Bco. Popular de P.R. v. Mun. de Aguadilla, opinión del 29 de diciembre de 1997, 144 D.P.R. ___, 97 JTS 152.

De lo anterior, se desprende que los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento

estricto, si están presentes dos condiciones: (1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida.

En el caso de autos, no está presente al menos una de las dos condiciones aludidas. Si bien el F.S.E. intentó justificar en detalle su incumplimiento con el término en cuestión, no ofreció realmente una causa justificada para su omisión. Alegaciones tales como las que hizo el F.S.E., de que el incumplimiento fue "involuntario", que "no se debió a falta de interés", que no hubo "menosprecio al proceso", o de que ahora "existe un firme propósito de enmienda", no constituyen justa causa. No es con vaguedades, excusas, o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales.

Ausente la justa causa para la omisión en cuestión, el foro apelativo no tenía discreción para eximir al F.S.E. del cumplimiento con lo dispuesto en la Regla 33(A) del Tribunal de Circuito de Apelaciones. Aunque no se tratase de un requisito jurisdiccional, dicho foro venía obligado aún, como hemos resuelto antes, a denegar el recurso de certiorari, por razón del incumplimiento del reglamento aludido.

Por los fundamentos expuestos, habiendo errado el foro apelativo al acoger la petición de certiorari del F.S.E., se dictará sentencia para expedir el auto de certiorari solicitado ante nos, y para dejar sin efecto la del Tribunal de Circuito de Apelaciones del 24 de septiembre de 1997.

En vista de lo que resolvemos, no es procedente discutir los otros señalamientos de error planteados por el peticionario. Ello, conforme nuestros precedentes en casos similares. Véase, Bco. Popular de P.R. v. Mun. de Aguadilla, supra. Cualquier dictamen nuestro sobre esos otros

señalamientos constituiría una mera <u>opinión consultiva</u>, y sería contraria a nuestra reiterada política judicial de no hacer pronunciamientos normativos que no han de tener efectos prácticos, porque no han de cambiar de modo alguno el resultado ya dispuesto para el caso en cuestión. <u>P.P.D. v. P.N.P.</u>, opinión del 16 de febrero de 1996, 140 D.P.R. \_\_\_, 96 JTS 18.


                                        JAIME B. FUSTER BERLINGERI
                                        JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


MARIANA ARRIAGA RIVERA

    Demandante-Recurrente


       vs.                                    CC-97-612          CERTIORARI


FONDO DEL SEGURO DEL ESTADO

    Demandado-Recurrido


SENTENCIA


San Juan, Puerto Rico, a 18 de marzo de 1998.


      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente sentencia, habiendo errado el foro apelativo al acoger la petición de certiorari del Fondo del Seguro del Estado, se expide el auto de certiorari solicitado ante nos, y se deja sin efecto la sentencia del Tribunal de Circuito de Apelaciones del 24 de septiembre de 1997.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García disiente sin opinión escrita. El Juez Asociado señor Rebollo López disiente con opinión escrita.


                         Isabel Llompart Zeno
                Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

MARIANA ARRIAGA RIVERA

    Demandante-recurrente

       vs.                  CC-97-612      CERTIORARI

FONDO DEL SEGURO DEL ESTADO

    Demandado-recurrido

**OPINION DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ**

San Juan, Puerto Rico a 18 de marzo de 1998

Disentimos de la Opinión mayoritaria por <u>dos</u> razones. La primera porque <u>no</u> estamos de acuerdo con la ambivalencia del Tribunal, y los "mensajes contradictorios" que el mismo ha estado enviando, respecto a la facultad inherente que tiene el Tribunal de Circuito de Apelaciones de interpretar su propio Reglamento.

No obstante el hecho de que este Tribunal fue el que promulgó dicho Reglamento, conforme las disposiciones de la Ley de la Judicatura de 1994, es al foro apelativo intermedio al que le corresponde, en primera instancia y de manera principal, interpretar el mismo. Sus interpretaciones merecen nuestra deferencia.

Después de todo, y a pesar de que somos el más alto Foro apelativo del País, ni somos infalibles ni fuimos designados como los "mentores o tutores" del Tribunal de Circuito de Apelaciones.

En segundo término, somos del criterio que al resolver como lo hace, la Mayoría está demostrando una carencia absoluta de pragmatismo judicial. Conforme explicamos más adelante, el resultado de la decisión mayoritaria emitida es que el caso retorna al tribunal de primera instancia para la celebración de un juicio plenario, proceso que <u>podría</u> ser dejado sin efecto posteriormente; ello con el consabido gasto innecesario de recursos, tiempo y dinero.

I

Como surge de la Opinión mayoritaria, en el caso que ocupa nuestra atención, el tribunal de instancia resolvió que resultaba procedente denegar una moción de desestimación que había radicado la Corporación del Fondo del Seguro del Estado, en adelante "el Fondo", respecto a la demanda de daños y perjuicios radicada por la aquí peticionaria Arriaga Rivera contra dicho organismo administrativo. Dicha solicitud de desestimación estaba predicada en la defensa afirmativa de prescripción. El foro de instancia denegó la aludida solicitud por entender que una carta que había enviado la demandante Arriaga Rivera al Administrador del Hospital Industrial había tenido el efecto de interrumpir el período prescriptivo.

En certiorari, el Tribunal de Circuito de Apelaciones revocó dicha actuación por entender que la mencionada carta no tuvo el efecto de interrumpir el término prescriptivo ya que: la misma fue recibida por el destinatario con posterioridad a la conclusión del período prescriptivo aplicable y porque dicha

carta no estaba dirigida a la parte demandada, esto es, al Fondo del Seguro del Estado.

Conforme al criterio de una mayoría de los integrantes del Tribunal, procede revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones por el fundamento de que dicho foro apelativo intermedio no debió entrar a dilucidar los méritos del recurso ya que lo procedente era desestimar el recurso radicado por el Fondo por razón de que éste incumplió con el requisito de notificar al tribunal de instancia. En otras palabras, la Mayoría resuelve que el incumplimiento, por parte del Fondo, con las disposiciones de la Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones, sin que el Fondo adujera justa causa para ello, amerita la desestimación del recurso radicado por dicho organismo administrativo.

Como expresáramos anteriormente, el resultado o consecuencia de la Opinión mayoritaria emitida es que el caso retorna al tribunal de instancia para la dilucidación, en sus méritos, de la demanda de daños y perjuicios que contra el Fondo del Seguro del Estado radicara la peticionaria Arriaga Rivera sin que el planteamiento de prescripción hecho por el Fondo del Seguro del Estado haya sido resuelto en los méritos; defensa afirmativa que, de ser procedente, priva de autoridad al foro de instancia para intervenir y resolver en los méritos el caso.

## II

Una vez retorne el caso al tribunal de instancia pueden darse, naturalmente, varias alternativas: (1) las partes pueden transigir el pleito; (2) la parte demandante puede no prevalecer en los méritos; (3) la demandante puede prevalecer y el Fondo no recurrir en apelación al Tribunal de Circuito de Apelaciones; (4) la parte demandante puede prevalecer, el Fondo acudir en apelación al Tribunal de Circuito de Apelaciones, plantear la

defensa de la prescripción, y un panel del Tribunal de Circuito, distinto al que ahora intervino, resolver que la acción no estaba prescrita y el Fondo no acudir ante este Tribunal; (5) todo lo anterior y la parte perjudicada acudir ante este Tribunal, en cuya situación vendríamos obligados a resolver si la acción estaba, o no, prescrita; etc.

Las primeras tres alternativas pueden darse sin que, finalmente, se tenga que resolver el planteamiento legal de si el Fondo puede, o no, levantar nuevamente ante los foros apelativos correspondientes la cuestión de la prescripción. En las restantes alternativas, si el Fondo levanta nuevamente dicha cuestión ante los tribunales correspondientes, sí hay que resolver dicho punto.

La solución de la referida cuestión <u>no</u> es fácil. Hemos resuelto que si este Tribunal adjudica, <u>en los méritos y vía certiorari</u>, una determinación interlocutoria de un tribunal de instancia, <u>no</u> procede que la parte perdidosa vuelva a plantear lo mismo en un recurso posterior; ello conforme a la doctrina de la "ley del caso". <u>Vélez Miranda</u> v. <u>Servicios Legales de Puerto Rico</u>, Opinión y Sentencia del 21 de enero de 1998; <u>Candelaria</u> v. <u>Municipio de Ceiba</u>, 114 D.P.R. 155, 156-57 (1974); <u>Rivera</u> v. <u>Insurance Co. of P.R.</u>, 103 D.P.R. 91, 94 (1974).

La situación aquí es distinta. El Fondo levantó oportunamente la defensa de prescripción; defensa que, como expresáramos anteriormente, de ser procedente en derecho, priva al tribunal de instancia de autoridad para intervenir en el caso. Dicha cuestión, como consecuencia inescapable de la decisión mayoritaria hoy emitida, <u>no</u> queda resuelta en los méritos ya que la Mayoría entiende que resulta procedente la desestimación del recurso, radicado ante el Tribunal de Circuito de Apelaciones, por incumplimiento con el Reglamento. La cuestión de si ese incumplimiento, que desemboca en la

desestimación de su recurso, priva al Fondo de poder plantear nuevamente la defensa de prescripción en apelación no ha sido resuelta por el Tribunal.

Ahora bien, de poder el Fondo plantear dicha defensa nuevamente, y de prevalecer en su planteamiento, todo el procedimiento que se haya llevado a cabo habría que dejarlo sin efecto. Esto es, todo el tiempo invertido por el tribunal de instancia en ver el caso en sus méritos, todos los recursos en ello utilizados, todo el dinero gastado por las partes y la Rama Judicial en dicho procedimiento habría sido en vano.

Ante esta situación, ¿qué hizo el Tribunal de Circuito de Apelaciones? Actuando con, y demostrando, una gran sensatez decidió ser "flexible" y acoger el recurso radicado por el Fondo y decidir, en los méritos, el planteamiento de prescripción hecho por el referido organismo administrativo.

¿Cometió un "abuso de discreción" al así actuar? La mayoría de los integrantes del Tribunal decide hoy que sí; nosotros sostenemos que no.[3] Veamos por qué.

La Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones establece, en síntesis y en lo pertinente al asunto planteado, que una parte que no esté conforme con una resolución interlocutoria emitida por el tribunal de primera instancia podrá revisar la misma ante el Tribunal de Circuito de Apelaciones presentando un recurso de certiorari en "...la Secretaría del Tribunal de Circuito de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión." (Enfasis suplido.)

Dicha Regla 33(A) impone, además, la obligación a esa parte de notificar a la otra Secretaría; esto es, si radicó ante el

Tribunal de Circuito de Apelaciones, tiene que notificar al Tribunal de Primera Instancia, y si radicó ante éste último, tiene que notificar al Tribunal de Circuito de Apelaciones. <u>Analizado en su justa perspectiva</u>, ese requisito, aun cuando importante, es uno que <u>no</u> debe privar al Tribunal de Circuito de Apelaciones de entender en el recurso. De hecho, nuestro ordenamiento dispone para que el Tribunal de Circuito pueda eximir del mismo a la parte peticionaria; ello así cuando ésta demuestra "justa causa". Es correcto que en el presente caso el Fondo no adujo esa "justa causa". Ello no obstante, la situación indeseable que antes señaláramos que podría ocurrir si el planteamiento de prescripción no se resuelve --el malgasto de fondos, recursos y tiempo-- constituye, de por sí, causa o razón suficiente para que el Tribunal de Circuito correctamente haya decidido ejercer su <u>sana discreción</u>, ser "<u>flexible</u>" en la interpretación de su Reglamento, y acoger y resolver el recurso en sus méritos. <u>Así se lo hemos señalado, en el pasado, al Tribunal de Circuito de Apelaciones</u>. Veamos.

En <u>Santos</u> v. <u>Municipio de Comerio</u>, Opinión y Sentencia del 31 de enero de 1996, resolvimos que "abusó de su discreción" el Tribunal de Circuito de Apelaciones al desestimar un recurso de certiorari que, aunque fue presentado dentro del término de cumplimiento estricto de treinta (30) días, fue corregido --para subsanar un defecto de forma-- al otro día de expirar el plazo de treinta (30) días. Al así resolver expresamos, en lo pertinente, que una <u>interpretación flexible</u> de las normas reglamentarias allí en controversia permitiría al Tribunal de Circuito de Apelaciones decidir si expide o no el recurso y, de hacerlo, revisar en los méritos el planteamiento de la parte allí peticionaria.

---

[3] Debe mantenerse presente que, conforme nuestro ordenamiento jurídico, discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera". <u>Pueblo</u> v. <u>Sánchez González</u>, 90 D.P.R. 197, 200 (1964).

En <u>López Rivera</u> v. <u>Rivera Díaz</u>, Opinión y Sentencia del 28 de junio de 1996, un tribunal dividido[4] resolvió que resultaba ser una sanción demasiado extrema <u>la desestimación</u> decretada por el Tribunal de Circuito de Apelaciones por no haber perfeccionado su recurso la parte peticionaria con la debida diligencia, ello con relación a la exposición narrativa de la prueba. Al así actuar señalamos, entre otros fundamentos, que:

> "...reiteradamente hemos resuelto que cuando un tribunal tiene ante sí una situación de desatención al caso por la parte interesada, la imposición de sanciones debe ser en primer término al abogado de la parte; y que si ello no produce efectos positivos, entonces *"procederá la imposición de la severa sanción de la desestimación... tan sólo después que la parte haya sido debidamente apercibida de la situación..."*. *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664 (1989); *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986); *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494 (1982). Ello no sucedió aquí, y no vemos porqué esta bien fundamentada norma no sea de aplicación también en el proceso apelativo."

En <u>Sociedad de Gananciales</u> v. <u>García Robles</u>, Opinión y Sentencia del 23 de enero de 1997, nuevamente divididos[5], resolvimos que había incurrido en "abuso de discreción" el Tribunal de Circuito de Apelaciones <u>al desestimar</u> un recurso de apelación, en un caso civil, por no haber el apelante presentado oportunamente una exposición narrativa de la prueba a pesar de que los señalamientos de error, por él hechos, iban dirigidos a impugnar la apreciación de la prueba testifical que había realizado el tribunal de instancia. Al así actuar, expresamos:

> "Debemos determinar si abusó de su discreción el Tribunal de Circuito de Apelaciones al desestimar un recurso de apelación por no haber el apelante presentado una exposición narrativa de la prueba oral desfilada ante el Tribunal de Primera Instancia. Varias consideraciones sostienen nuestra decisión. <u>Primeramente, debemos tener presente los propósitos que quizo (sic) alcanzar el legislador al crear el Tribunal de Circuito de Apelaciones, mediante la</u>

---

[4] Disintieron los Jueces Asociados señores Negrón García y Corrada del Río.

[5] El Juez Asociado señor Negrón García disintió. El Juez suscribiente no intervino.

aprobación de la Ley de la Judicatura de Puerto Rico de 1994. Segundo, debemos también considerar la filosofía que ha permeado la reglamentación sobre los mecanismos diseñados para presentar al tribunal apelativo la prueba desfilada ante el tribunal de instancia y el efecto que sobre la misma tendría la decisión del Tribunal del Circuito de Apelaciones. Tercero, hay que reconocer los efectos que han tenido sobre la profesión legal los frecuentes y profundos cambios introducidos a nuestro sistema de justicia apelativa durante los últimos cuatro años. Cuarto, debemos sostener el principio cardinal que ha animado en el pasado nuestras decisiones sobre la resolución judicial de las controversias, en cuanto hemos reiterado el interés de que las mismas sean atendidas en sus méritos. Además, debemos estimular que las partes que comparezcan ante el Tribunal de Circuito de Apelaciones cumplan adecuadamente con los requisitos que impone su Reglamento, de forma que se le irrogue certeza a sus gestiones y celeridad a sus procedimientos. El análisis de la controversia que se nos presenta, a la luz de las consideraciones esbozadas, nos lleva, en esencia, a realizar un balance de intereses: por una lado debemos analizar el interés de los litigantes, avalado por legislación, de que las decisiones emitidas por el Tribunal de Primera Instancia, en casos originados allí, puedan ser revisadas en apelación por un tribunal colegiado y, por el otro lado, considerar el interés de promover el adecuado funcionamiento del Tribunal de Circuito de Apelaciones. El producto de este balance debe asegurar la atención justa, rápida y económica de las controversias que se presentan ante dicho foro. Estos elementos siempre han caracterizado nuestro sistema de adjudicación. Nuestras decisiones deben armonizar estos elementos, no contraponerlos." (Enfasis suplido.)

En Programas de Servicios de Salud en el Hogar San Lucas v. Programa de Servicios de Salud en el Hogar Norte, Opinión y Sentencia del 23 de enero de 1997, nuevamente revocamos al Tribunal de Circuito de Apelaciones, por entender que éste no había actuado con flexibilidad, al ordenar la devolución de una transcripción de la prueba, que obraba en autos, por no haber acreditado el recurrente la necesidad de perfeccionar el recurso mediante una transcripción.

Apercibido el Tribunal de Circuito de Apelaciones de todas esas advertencias sobre la "debida flexibilidad" con que venía obligado a interpretar su Reglamento, dicho foro apelativo intermedio --en Banco Popular de P.R. v. Municipio de Aguadilla,

Opinión y Sentencia del 29 de diciembre de 1997-- acogió un recurso de certiorari que había sido radicado por el referido Municipio once (11) días después de haberse cumplido el plazo de treinta (30) días, de cumplimiento estricto, que tenía dicha parte para radicar su recurso de certiorari. En esta ocasión, contrario a las anteriores, revocamos al Tribunal de Circuito por haber sido muy flexible.

Un análisis de la Opinión mayoritaria emitida en el caso que hoy ocupa nuestra atención --el cual, dicho sea de paso, es totalmente distinguible del de Banco Popular v. Municipio de Aguadilla, ante-- en unión a los casos antes reseñados nos trae a la mente la frase popular de "palo si boga y palo si no boga". Este Tribunal ha fallado malamente al no establecer, ni señalarle, una norma clara al Tribunal de Circuito de Apelaciones que los integrantes de ese foro judicial puedan seguir en la interpretación de las disposiciones de su Reglamento.


III

En el presente caso se trata, repetimos, del incumplimiento con un requisito excusable. La parte peticionaria --contrario al caso de Banco Popular, ante-- acudió en tiempo ante el Tribunal de Circuito de Apelaciones. Es cierto que falló en notificar a la Secretaría del Tribunal de Primera Instancia. Sin embargo, esta es una situación que --nuevamente, contrario al caso del Banco Popular, ante-- no afecta la jurisdicción en sí del Tribunal de Circuito de Apelaciones.

Ante un planteamiento de prescripción --el cual, repetimos, afecta la jurisdicción del tribunal de instancia para ver el caso-- y ante la posibilidad real de que el no resolver ese planteamiento pueda causar en el futuro el malgasto de recursos, tiempo y dinero, el Tribunal de Circuito de Apelaciones procedió

--<u>a nuestro parecer con gran juicio y sensatez</u>-- a acoger el recurso y resolver, en los méritos, el planteamiento de prescripción. Esa situación --la de evitar el gasto innecesario de fondos, recursos y tiempo-- incluso podría considerarse, repetimos, como la "justa causa" para actuar con flexibilidad, excusar el incumplimiento del requisito en controversia, y acoger el recurso y resolverlo en sus méritos.

Venimos, <u>todos</u>, en la obligación de velar por el establecimiento de un "balance de intereses", el cual asegure "...la atención justa, rápida y económica de las controversias que se presentan..." ante el Tribunal de Circuito de Apelaciones y ante este Tribunal. Véase: <u>Sociedad de Gananciales</u> v. <u>García Robles</u>, ante. A menos que lo expresado por este Tribunal en los casos recientes citados sea "letra muerta", el incumplimiento aquí en controversia <u>no</u> amerita la <u>drástica sanción</u> de la desestimación. Sobre todo, resulta ser <u>inconcebible</u> que este Tribunal, <u>dados los hechos particulares del presente caso</u>, califique la acción tomada en el mismo por el Tribunal de Circuito de Apelaciones como un "abuso de discreción".

En conclusión, lo procedente a nuestro juicio sería expedir el recurso radicado por la peticionaria Arriaga Rivera y resolver, en los méritos y de una vez y por todas, el planteamiento de prescripción que ha levantado el Fondo del Seguro Estado.

Ese, en nuestro criterio, es el curso de acción a seguir. No debemos propiciar soluciones fútiles.


FRANCISCO REBOLLO LOPEZ
Juez Asociado